P57EBAZC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            25 Cr. 203 (RMB)

TAREK BAZROUK,
                                          Conference
                 Defendant.
------------------------------x
                                          New York, N.Y.
                                          May 7, 2025
                                          4:30 p.m.

Before:

                    HON. RICHARD M. BERMAN,

                                          District Judge

                          APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  JAMES LIGTENBERG
     SAMUEL ADELSBERG
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorney for Defendant
BY:  ANDREW DALACK

Also Present:

Akil King, Pretrial Services
```

1          (Case called)
2          THE COURT:  So, it's my understanding that you all
3  have appeared before Judge Aaron in this criminal case.  He set
4  some conditions so that the defendant, if he met those
5  conditions, could be released on bail.  And I understand
6  further that the government has asked for this quick appeal,
7  and I'm happy to hear you all out.
8          So, here's what I'd like to do.  I don't have a
9  transcript, understandably.  And so this proceed is a *de novo*
10 proceeding in any case, so we're going to start all over, and
11 I'll hear you out as long as it takes.
12         So, shall we hear from the government first?
13         MR. ADELSBERG:  Yes.  Thank you, your Honor.
14         Before I begin, the government sent chambers a letter
15 earlier today.  I just wanted to confirm, did the Court receive
16 that?
17         THE COURT:  Yes.  I have seen it and I've read it.
18 It's dated, if I'm thinking about the same letter you are,
19 May 7, 2025.  It's a pretty long letter, 20-page letter.  I
20 imagine that's the letter that you're talking about.
21         MR. ADELSBERG:  Your Honor --
22         THE COURT:  If it is, I have read it.  I have it and
23 I've read it.
24         What I'm going to want to do is hear you all out and
25 then take a couple of minutes at least so I can make sure I

P57EBAZC

1    thoroughly understand what the issues are and what the facts
2    are, but I do have that letter.
3             MR. ADELSBERG:  Given that the Court --
4             THE COURT:  Before I go any further, defense counsel,
5    I don't have a letter from you in response either to this
6    letter or talking about bail, no bail.  Did you want to submit
7    a written letter?
8             MR. DALACK:  Well, thank you, Judge.  I appreciate you
9    pointing that out.
10            We received that letter at around 1:00 today.
11            THE COURT:  In the afternoon?
12            MR. DALACK:  In the afternoon, yes, Judge.
13            And obviously I did my best to address the concerns
14   that were highlighted in the government's letter before
15   Judge Aaron.  Judge Aaron granted bail under some pretty strict
16   conditions, and the government sought a stay in furtherance of
17   an appeal.
18            THE COURT:  Right.
19            MR. DALACK:  So, at the risk of being presumptuous,
20   and that's not my intention, but I would like to propose
21   something for the Court to consider.  To the extent --
22            THE COURT:  Before I get to anything, unless this is
23   what you want to talk about, there is no letter from the
24   defense.  And do you want there to be one?
25            MR. DALACK:  So, yeah, that's part of -- I would like

1    an opportunity to respond in writing.  I would not want it to
2    be the case that in requesting an opportunity to respond in
3    writing, it required Mr. Bazrouk to go to the MDC until we
4    could hear this.  And so what I had strongly urged the
5    government to consider is essentially having this appeal
6    commence on Tuesday when the Court has set an initial
7    appearance in this matter at 10:00 a.m.  That would give me
8    adequate time to respond more fully to the concerns articulated
9    in the government's letter and would allow Mr. Bazrouk to go
10   home, consistent with the very strict conditions that
11   Judge Aaron has set, and then we could have an opportunity to
12   take everything up at once on Tuesday.
13           MR. ADELSBERG:  Thank you, your Honor.
14           The government obviously did not intentionally try to
15   handicap defense counsel from being able to write a letter to
16   the Court.  Given the nature of how these things work, our
17   letter came in because we arrested him this morning.  We
18   believe that --
19           THE COURT:  And he got the letter at 1:00.
20           MR. ADELSBERG:  Exactly.  Right when the Court got it.
21           Your Honor, for the reasons that we put forward in the
22   letter, we submit that the defendant is a danger to the
23   community, is a flight risk, and our position would be that
24   putting this over until Tuesday for the Court to then decide
25   doesn't really address our concerns from now until Tuesday.

1        THE COURT:  I got you.  And I think that's right.  I
2   think that we need to resolve this today.  Tonight.
3        MR. DALACK:  Okay.
4        THE COURT:  Again, to go back to the written letter,
5   that it's really in your hands.  I want to make sure that you
6   have the opportunity to respond to this letter in writing.
7   Yes, it probably would require that your client be detained
8   until I get it, but that part is up to you.  I don't know how
9   long it would take.  And I don't mean to -- circumstances are
10  what they are.
11       MR. DALACK:  Understood, Judge.  And I appreciate the
12  position that the Court is in.  I guess, my --
13       THE COURT:  It's up to you.  Really, it's up to you.
14  And I know it puts you in a bit of an awkward situation, but
15  lawyers like to respond usually to a letter like this.
16       I would not release the defendant pending the writing
17  of a letter.  I would like to get the whole thing done in the
18  same proceeding.
19       MR. DALACK:  Thanks.  And I would just note that
20  obviously we just had a pretty full hearing downstairs in front
21  of Judge Aaron where I was able to --
22       THE COURT:  How long did that go?
23       MR. DALACK:  About --
24       THE COURT:  I'm not faulting you for -- the time is
25  short.  I appreciate that.

1           MR. DALACK:  No, I thank you.

2           THE COURT:  Yeah.

3           MR. DALACK:  It was about an hour, your Honor.  So it
4    was a pretty full argument.

5           And that's the other part of my concern, too, is that
6    it just strikes me that your Honor should also have the benefit
7    of the transcript from that proceeding.

8           THE COURT:  Well, you know --

9           MR. DALACK:  I understand it's *de novo* review but
10   we're not operating on a clean slate here.

11          THE COURT:  I understand that too.  And I would prefer
12   to have the transcript as well.

13          MR. DALACK:  So, I guess --

14          THE COURT:  But what I'm saying is that without having
15   heard you out and without having drawn a conclusion, the
16   government is arguing that he is a danger to the community.  If
17   that's true, if I were to find that, it would be inconsistent,
18   so to speak, with release pending the transcript and pending
19   your letter, so there would have to be a remand until those
20   documents are before us.  That puts you in a funny position, I
21   guess, but I'm afraid that's the way the facts are.

22          MR. DALACK:  Understood.

23          And if I could be so bold, I think there might be sort
24   of a third approach that I would encourage the Court to
25   consider, which is that Judge Aaron heard us out and

Case 1:25-cr-00203-RMB    Document 25    Filed 06/10/25    Page 7 of 10    7
P57EBAZC

1  deliberated, Pretrial Services is recommending release in this
2  case, he imposed conditions that were largely consistent with
3  what pretrial services recommended but more intense based on my
4  request.  So, Pretrial Services did not request, for example, a
5  third-party custodianship, I requested that, Judge Aaron
6  imposed that condition.  The Pretrial Services report
7  recommended two financially responsible persons cosigners, I
8  asked for three, that's what Judge Aaron imposed.
9          My understanding is that a stay requiring remand
10 pending an appeal is not required and that it's really in the
11 discretion of the Court.
12         THE COURT:  No, I understand that.
13         MR. DALACK:  Yeah.
14         THE COURT:  I understand that.  I'm saying that the
15 argument or a key argument here is that your client is a danger
16 to the community.  If that's the case, he shouldn't be in the
17 community.  Now, I haven't concluded that, right, because I
18 haven't heard all the evidence and I haven't heard from either
19 of you, but it would be inconsistent and illogical to conclude
20 that it's okay to go home, so to speak, because we don't have
21 the transcript and we don't have your letter.
22         MR. DALACK:  I guess, that's kind of --
23         THE COURT:  So, the answer is I'm not going to do
24 that.
25         MR. DALACK:  Okay.  Okay.  Then, I guess I'd be

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  curious to ask your Honor whether -- and I appreciate this is a
2  difficult question so I -- but if what you're putting down is
3  you would want a written submission from me or that you would
4  really feel that that would be beneficial to addressing the
5  issues in the most comprehensive manner possible and having the
6  transcript, then I would like an opportunity to speak with
7  Mr. Bazrouk and his family to sort of discuss this with them.
8          But if you're saying that you think you're in a
9  position to hear us out notwithstanding a written submission
10 from me and I could orally respond and address the concerns
11 expressed in the government's letter without that sort of
12 prejudicing my position, I'm obviously ready to do that as
13 well, I just did it downstairs.  But I want to do something
14 that's actually going to appeal to your Honor, obviously, and
15 be consistent with --
16         THE COURT:  What's going to appeal to me is that you
17 have the fullest opportunity to present the best case for your
18 client.  I can't make that judgment.  You know, I'll do
19 whatever you all want me to do, so to speak.  If you don't want
20 to submit a letter and if you don't want me to have the
21 transcript, if that's your ultimate decision, that's up to you.
22 Would I like to have a full record?  Sure.  But mostly my
23 concern is the defense's concern and your concern, is that do
24 you feel that you have enough to conclude this appeal, so to
25 speak, without those documents before me?  That's a decision

P57EBAZC

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | you have to make and not me.                                    |
| 2  |             MR. DALACK:  Yeah.  I appreciate that.              |
| 3  |             Can I have a moment, Judge?                         |
| 4  |             THE COURT:  Yes, absolutely.                        |
| 5  |             MR. DALACK:  Thank you.                             |
| 6  |             (Counsel confer)                                    |
| 7  |             THE COURT:  Counsel, one other factor here.  It would |
| 8  | probably go over to Tuesday if we do not --                     |
| 9  |             MR. DALACK:  Of course.                             |
| 10 |             THE COURT:  Okay.                                   |
| 11 |             MR. DALACK:  Yeah, understood.                      |
| 12 |             Can I have a moment to speak with his family?       |
| 13 |             THE COURT:  Yeah.                                   |
| 14 |             MR. DALACK:  Thanks, Judge.                         |
| 15 |             (Counsel confer)                                    |
| 16 |             MR. DALACK:  Thank you very much, Judge, for your   |
| 17 | indulgence.                                                     |
| 18 |             I think given all the considerations, it would really |
| 19 | be beneficial for you to have the transcript and a written      |
| 20 | submission from me.  I would like to put this off until Tuesday |
| 21 | when we reappear with the understanding that Mr. Bazrouk would  |
| 22 | be detained in the interim, and we'll get everything to you as  |
| 23 | soon as possible.                                               |
| 24 |             THE COURT:  Okay.  Now, just so it doesn't stretch  |
| 25 | further, will you arranging the transcript from --              |

1     MR. DALACK:  Yeah.  We'll speak with Ms. Lopez,
2  Judge Aaron's deputy.  I'll go right back downstairs now.
3  Typically, we get an audio recording, and so I don't know the
4  fastest form.  It might be an audio recording, in which case
5  you might have to listen to it in the car or something.  But
6  no, we can make arrangements for that.  And I will endeavor to
7  have my letter filed by Friday at the --
8     THE COURT:  Could you do it by noon on Friday?
9     MR. DALACK:  Judge, I will do it by noon on Friday,
10  yeah.
11     THE COURT:  That's great.
12     MR. DALACK:  Okay.
13     THE COURT:  All right.  Then anybody want to add
14  anything?  I think that's it.  The understanding is that, on
15  consent, the defendant is detained until our next proceeding
16  which is Tuesday of next week at 10:00 a.m.  Okay?
17     MR. DALACK:  Your Honor, would it be possible if I
18  could have until 2:00 on Friday instead of noon?  Is that
19  all right?
20     THE COURT:  Sure in a way, but I have to -- I have a
21  law day thing.
22     MR. DALACK:  Say no more.  Noon is fine, your Honor.
23  Thank you.
24     THE COURT:  Okay.  Great.  Good to see you all.
25     MR. DALACK:  Thanks, Judge.                    (Adjourned)